# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN NOLAN, | * | |
| Petitioner | * | |
| v. | * | Civil No. RWT-10-1415 |
| J.D. WHITEHEAD | * | |
| Respondent | * | |
| | ******* | |

## MEMORANDUM OPINION

Before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Melvin Nolan, a federal prisoner incarcerated at FCI-Cumberland. ECF No. 1. For the reasons that follow, the Court will dismiss the Petition without prejudice.

On August 11, 2003, Petitioner pled guilty in the United States District Court for the Eastern District of Missouri to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006). Petitioner had two prior felony convictions for burglary in violation of Mo. Rev. Stat. § 569.170 (1986), one prior conviction for escape from custody in violation of Mo. Rev. Stat § 575.200 (1986) and one prior conviction for escape from confinement in violation of Mo. Rev. Stat § 575.210 (1986). The sentencing court found that the four prior convictions constituted "violent felonies" and as such Petitioner was classified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2006) ("ACCA").

Pursuant to the ACCA, a defendant convicted of being a felon in possession of a firearm and who has "three previous convictions…for a violent felony or a serious drug offense" is an armed career criminal. 18 U.S.C. § 924(e)(1). Petitioner was sentenced to 180 months incarceration, the

mandatory minimum under § 924(e). Petitioner reserved the right to appeal the ACCA classification. His appeal of the ACCA classification was rejected by the Eighth Circuit Court of Appeals, which found that both burglary and escape were crimes of violence under § 924(e). See United States v. Nolan, 397 F.3d 665, 667 (8th Cir. 2005). Petitioner's certiorari petition was denied by the United States Supreme Court on November 1, 2005. Nolan v. United States, 546 U.S. 885 (2005).

On January 3, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 claiming, inter alia, that his prior convictions did not qualify as crimes of violence under § 924(e). Nolan v. United States, 4:06CN007RWS (E.D. Mo. 2007). The Court declined to issue a certificate of appealability.

On January 10, 2010, Petitioner sought permission from the Eighth Circuit Court of Appeals to file a second of successive motion pursuant to § 2255. Petitioner argued that the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), undermined the classification or his two escape convictions as violent felonies and he moved for the district court to reconsider his armed career criminal classification in light of Chambers. On March 9, 2010, the Eighth Circuit denied the motion. Petitioner's motion to recall the mandate was denied on April 14, 2010.

Petitioner filed the instant petition for writ of habeas corpus on June 2, 2010. He again challenges the classification of his two escape convictions as violent felonies and requests that he be re-sentenced without the ACCA enhancement. ECF No. 1. Although Petitioner attempts to cast this application as being filed under 28 U.S.C. § 2241, the gravamen of his petition is that his sentence was improperly enhanced.

The threshold question presented here is whether this claim is properly raised in a § 2241

petition or is more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. See 28 U.S.C. §2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence, see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[1] The "savings clause" provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255. In Jones, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d 333-34.

The instant petition clearly challenges the validity of the sentence and is properly construed

---

[1] 28 U.S.C. §2255 provides in relevant part:
 [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

pursuant to 28 U.S.C. § 2255.  Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status.  See e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998).  Moreover, Petitioner has not satisfied the criteria set forth in Jones for demonstrating that a § 2255 petition is an inadequate or ineffective remedy.  It is well established that a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision.  See Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194, n. 5.  A §2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive § 2255 motions.  See id.  Moreover, Jones extends only to claims related to the *conviction*, not to claims of error in sentencing such as presented by Petitioner.  See United States v. Poole, 531 F. 3d 263, 267 n. 7 (D. Md. 2008) (Fourth Circuit precedent has not extended the reach of the § 2255 "savings clause" to petitioners only challenging their sentence.)

This application represents a successive 28 U.S.C. § 2255 motion.  As such, it may not be filed absent leave to do so from the United States Court of Appeals for the Eighth Circuit. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Felker v. Turpin, 518 U.S. 651, 657 (1996).  Since Petitioner has not obtained this authorization, the motion will be dismissed without prejudice.

Date: March 29, 2011                                     /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE